IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **TOMAS ROWLES**<br>204 Cayer Dr.<br>Glen Burnie, MD 21061<br><br>        Plaintiff.<br><br>vs.<br><br>**SHAMBARGER SERVICE INC.**<br>**t/a WE RESTORE DECKS**<br>1842 Saint Margarets Rd<br>Annapolis, Maryland 21409<br>Serve on: Jonathan Shambarger<br>           1842 Saint Margarets Rd<br>           Annapolis, MD 21409<br><br>and<br><br>**JONATHAN SHAMBARGER**<br>1842 Saint Margarets Rd<br>Annapolis, Maryland 21409<br><br>        Defendants. | Case No. _____ |

## COMPLAINT

Tomas Rowles, Plaintiff, by and through his attorney Christopher T. Staiti, Esq. of Staiti Law Firm, Inc., brings this action against Defendants, Shambarger Service Inc. trading as We Restore Decks and Jonathan Shambarger and for good cause states:

### Parties, Jurisdiction, & Venue

1. Plaintiff, Tomas Rowles, is an individual residing in the State of Maryland.

2. Defendant, Shambarger Service Inc., trading as We Restore Decks, is a business with its principal office located at 1842 Saint Margarets Rd, Annapolis, MD 21409 (hereinafter referred to as "WRD"). WRD provides residential construction services, including, but not

limited to, expert restoration, remodeling and repairs to decks and docks throughout Maryland from its principle office based in Anne Arundel County, Maryland.

3. WRD employs at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA.

4. At all times material herein, WRD was an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 203(d).

5. At all times material herein, WRD was an "employer" within the meaning of the Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, and Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. § 3-501.

6. Defendant, Jonathan Shambarger, is an individual whom is believed to be residing at WRD's principal office located at 1842 Saint Margaraets Road, Annapolis, MD 21409 (hereinafter referred to as "Shambarger").

7. Shambarger is the owner of WRD. Shambarger supervises the administration of WRD and maintains either direct or indirect control over the scheduling of employees. Upon information and belief, Shambarger receives income and/or salary from WRD. At all material times, Shambarger has been actively engaged in the management and direction of employees. Upon information and belief, Shambarger has custody and control of WRD's business records and is maintaining those records.

8. Public filings confirm that We Restore Decks is a trade name of Shambarger Services Inc.

9. At all times material herein, Shambarger was an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 203(d).

10. At all times material herein, Shambarger was an "employer" within the meaning of the

        Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, and Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. § 3-501.

11. Shambarger exercises such control of WRD that under the economic reality test, he is the actual employer of Plaintiff. Thus, Shambarger is jointly and individually liable for damages to Plaintiff arising under the FLSA, Maryland Wage & Hour Law, and Maryland Wage Payment & Collection Law.

12. At most times relevant hereto, Plaintiff reported to and worked from Shambarger's Annapolis, Maryland based office.

13. This Court has original jurisdiction of the FLSA action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14. This Court has supplemental jurisdiction over the Maryland Wage and Hour Law, Maryland Wage Payment and Collection Law, and other herein presented claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

15. Venue and personal jurisdiction is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the events and omissions giving rise to these claims occurred within this judicial district, and all Defendants regularly conduct business in this judicial district.

## **Factual Background**

16. Prior to 2021, Plaintiff was employed by Defendants as a deck technician for residential construction projects.

17. Plaintiff was employed by Defendants at WRD's principle office located at 1842 St. Margarets Rd., Annapolis, MD 21409.

18. Throughout the course of his employment with Defendants, Plaintiff's role was that of a

manual laborer. Plaintiff was responsible for building, restoring, remodeling and repairing residential decks and other residential construction projects.

19. Plaintiff's work was in the field and was not directly related to the management or general business operations of either Defendant, nor was Plaintiff required to exercise discretion and independent judgment with respect to matters of significance.

20. As such, Plaintiff was not exempt from minimum wage and overtime provisions as set forth in 28 U.S.C. §213(a)(1) and further described in 29 C.F.R. §541.200.

21. Throughout the course of his employment with Defendants, Defendants either failed to pay, or only partially paid portions of, Plaintiff's wages, overtime wages, and commissions.

22. Plaintiff's work schedule routinely consisted of in excess of forty (40) hours per week of work-related services to include manual labor.

23. At all times material herein, WRD had an annual gross volume of sales made or business done in an amount exceeding $500,000.

24. In September 2020, Plaintiff terminated his employment with Defendants.

25. After Plaintiff's termination of employment, Plaintiff requested Defendants provide all commissions, payroll for time worked, and related contractual rights to payment.  To date, Defendants have refused this request.

### COUNT I
### Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, et seq.
### Failure to Pay Minimum Wage and/or Overtime Wages
**(All Defendants)**

26. Plaintiff hereby restates and alleges the allegations set forth in Paragraphs 1 to 25 by this reference as if fully set forth herein.

27. Defendants have at material times failed to pay Plaintiff a proper minimum wage and/or overtime rate, free and clear and in a timely manner.

28. Defendants' failure to pay minimum wage and/or overtime to Plaintiff constitutes a willful and intentional violation of the Maryland Wage & Hour Law (Md. Code Ann., Lab. & Empl. § 3-401 *et seq*.).

29. Defendants were aware of Plaintiff's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of forty (40) hours per week.

30. Defendants willfully failed to pay Plaintiff overtime for the hours Plaintiff worked in excess of forty (40) hours per week.

31. Defendants willfully failed to pay Plaintiff an overtime wage of at least one and one-half (1.5) times the applicable minimum wage for statutory work weeks in which Plaintiff worked in excess of forty (40) hours per week during his employment with Defendants.

32. Defendants' failure to pay overtime to Plaintiff was a willful and intentional violation of the Maryland Wage & Hour Law (including Md. Code Ann., Lab. & Empl. § 3-401 *et seq*.).

33. As a result, Plaintiff has the legal right to receive the full minimum wage and overtime wage due as required by Maryland law and applicable Maryland regulations.

34. As a result of Defendants' violation of the Maryland Wage & Hour Law, Plaintiff has suffered damages in excess of $75,000.00 in withheld wages.

35. As a result of Defendants' violations of the Maryland Wage & Hour Law, Plaintiff was forced to, and did, retain an attorney to bring these causes of action on Plaintiff's behalf.

36. As a result of Defendants' violations of the Maryland Wage & Hour Law, Plaintiff is entitled an award of reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages as a

result of Defendants' violations of the Maryland Wage & Hour Law, plus liquidated damages, plus prejudgment interest, plus reasonable attorneys' fees and the costs of this action allowable under the Maryland Wage & Hour Law; and for such other and further relief as this Court deems appropriate.

## COUNT II
### Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, et seq.
**(All Defendants)**

37. Plaintiff hereby restates and alleges the allegations set forth in Paragraphs 1 to 36 by this reference as if fully set forth herein.

38. Pursuant to the Maryland Wage Payment & Collection Law, Defendants were required to pay Plaintiff all amounts owed to Plaintiff for work performed before termination at or before the date Plaintiff would have been paid if the employment had not been terminated, or not later than two weeks thereafter.

39. Defendants failed to pay Plaintiff all wages due and/or earned prior to Plaintiff's termination, including, but not limited to, overtime wages.

40. Plaintiff protested Defendants' failure to pay his wages.

41. Defendants' violations of the Maryland Wage Payment & Collection Law were not the result of a bona fide dispute.

42. In failing to pay all wages legally owed, free and clear, without coercion and intimidation, Defendants are in violation of the Maryland Wage Payment & Collection Law (including Md. Code Ann., Lab. & Empl. §§ 3-502, 3-503, and 3-505).

43. As a result of Defendants' violation of the Maryland Wage Payment & Collection Law, Plaintiff has suffered damages in excess of $75,000.00 in withheld wages.

44. As a result of Defendants' violations of the Maryland Wage Payment & Collection Law,

Plaintiff was forced to, and did, retain an attorney to bring these causes of action on Plaintiff's behalf.

45. As a result of Defendants' violations of the Maryland Wage Payment & Collection Law, Plaintiff is entitled to treble damages and an award of reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages as a result of Defendants' violations of the Maryland Wage Payment & Collection Law, plus treble damages, plus prejudgment interest, plus reasonable attorneys' fees and the costs of this action allowable under the Maryland Wage Payment & Collection Law; and for such other and further relief as this Court deems appropriate.

## COUNT III
## Fair Labor Standards Act of 1938
**(All Defendants)**

46. Plaintiff hereby restates and alleges the allegations set forth in Paragraphs 1 to 45 by this reference as if fully set forth herein.

47. WRD is an "enterprise" as defined by the FLSA, 29 U.S.C.A. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

48. At all times material herein, WRD and Shambarger were an "employer" within the meaning of the FLSA, 29 U.S.C.A. § 203(d), and the Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, and Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. § 3-501.  Furthermore, Shambarger exercises such control of WRD that under the economic reality test, he is the actual employer of Plaintiff.  Thus, Shambarger is jointly and individually liable for damages to Plaintiff arising under the

FLSA, Maryland Wage & Hour Law, and Maryland Wage Payment & Collection Law.

49. In Plaintiff's work for Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce and was employed by an enterprise engaged in commerce and/or the production of goods for commerce that had annual gross sales of at least $500,000.

50. Plaintiff is not considered an employee employed in a bona fide executive, administrative, or professional capacity, as stated in 29 U.S.C.A. § 213(a)(1), and is not exempt from the protections of the FLSA.

51. Defendants have at material times failed to pay Plaintiff a proper minimum wage rate, free and clear and in a timely manner.

52. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff, proper minimum wages, for each pay period, in a timely manner.

53. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C.A. § 207.

54. Defendants were aware of Plaintiff's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of forty (40) hours per week.

55. Defendants willfully failed to pay Plaintiff overtime for the hours Plaintiff worked in excess of forty (40) hours per week.

56. Defendants willfully failed to pay Plaintiff an overtime wage of at least one and one-half (1.5) times the applicable minimum wage for statutory work weeks in which Plaintiff worked in excess of forty (40) hours per week during his employment with Defendants.

57. Defendants' failure to pay minimum wages and/or overtime to Plaintiff was a willful and intentional violation of the FLSA.

58. As a result, Plaintiff has the legal right to receive the full minimum wage and overtime wage due as required by Federal law and applicable Federal regulations.

59. As a result of Defendants' violation of the FLSA, Plaintiff has suffered damages in excess of $75,000.00 in withheld wages.

60. As a result of Defendants' violations of the FLSA, Plaintiff was forced to, and did, retain an attorney to bring these causes of action on Plaintiff's behalf.

61. As a result of Defendants' violations of the FLSA Plaintiff is entitled an award of reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages as a result of Defendants' violations of the Fair Labor Standards Act, plus liquidated damages, plus prejudgment interest, plus reasonable attorneys' fees and the costs of this action allowable under the Maryland Wage & Hour Law; and for such other and further relief as this Court deems appropriate.

    Respectfully submitted,

    /s/
Christopher T. Staiti, Esq.
Staiti Law Firm, Inc.
1111 Benefield Blvd, Suite 112
Millersville, Maryland 21108
cstaiti@staitilaw.com
(410) 878-7411
MD Fed. Bar. No. 28738
*Attorney for Plaintiff*